**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0595-18T4

JOANNE POLIMENI,

    Plaintiff-Respondent,

v.

GREGORIO POLIMENI,

    Defendant-Appellant.

_____

          Submitted October 2, 2019 – Decided October 10, 2019

          Before Judges Fasciale and Mitterhoff.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-2836-04.

          Weinberger Divorce & Family Law Group, LLC, attorneys for appellant (Jessica Ragno Sprague, on the brief).

          Respondent has not filed a brief.

PER CURIAM

Defendant Gregorio Polimeni appeals from an August 27, 2018 order denying, without prejudice, his unopposed motion for child support and physical custody of the parties' two children. The judge considered the matter on the papers, entered the order, and rendered a written decision. Although we understand the reasoning for denying the motion, we remand for further proceedings.

After their divorce in 2005, the parties enjoyed joint legal custody, with plaintiff being the parent of primary residence. The judge found that defendant made a prima facie showing of changed circumstances. But – referring to N.J.S.A. 9:2-4 – the judge found that defendant "did not provide any analysis showing what is in the best interest of the children." The judge emphasized that defendant "did not articulate the legal standard for the change in custody," "nor did he address the [statutory] factors." For those reasons, the judge denied defendant's motion for physical custody – to be the parent of primary residence – without prejudice.

Defendant agreed to pay child support at the time the parties divorced. In addition to seeking a modification of the custody arrangement, defendant moved to terminate his child support obligation and to compel child support payments from plaintiff. Because changed circumstances existed – that is, plaintiff no

A-0595-18T4

longer exercised parenting time and the children resided with defendant – the judge terminated defendant's obligation to pay child support.[1] But – referring to N.J.S.A. 2A:34-23(a) – the judge found that defendant "did not provide any analysis of the [statutory] factors." He therefore denied defendant's motion for child support without prejudice.

Both N.J.S.A. 9:2-4 and N.J.S.A. 2A:34-23(a) require the judge to consider enumerated factors. The statutes say the court "shall consider" the factors. This statutory obligation is not optional. The judge correctly pointed out that defendant filed incomplete papers on his motion. Although he submitted a certification, he did not file a brief or memorandum, nor did his counsel submit a certification to support, at a minimum, defendant's request for counsel fees.

We therefore remand and direct that the judge undertake the required analysis, including defendant's request for counsel fees. We leave the details of the remand proceedings to the judge, such as imposing an additional briefing schedule, conducting a hearing, etc. We do not retain jurisdiction because any further potential appeals will be on an entirely new record.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Defendant's child support obligation terminated on the date he filed his motion, February 12, 2018.